WILLIAM T. BLATZ AND OTHERS, BY THEIR GUARDIAN, EMMA W. L. BLATZ, PLAINTIFFS, *v.* JACOB ROHRBACH, DEFENDANT.

*Civil damage act — proof simply of the sale of liquor does not justify the jury in attributing suicide thereto — Laws of* 1873, *chap.* 646.

In an action under the civil damage act (Laws of 1873, chap. 646), arising out of the death of one who, as alleged, committed suicide while intoxicated, proof of the sale of liquor to the deceased, standing alone, does not justify the submission to the jury of the question whether his suicide was caused by intoxication.

*Semble*, that death might be inferred from intoxication where no other apparent cause had intervened, as in the case of one dying in a stupor, or where, while intoxicated, he is drowned, killed or frozen to death.

EXCEPTIONS of the plaintiffs, William T. Blatz, Charles A. Blatz, Fredericka C. O. Blatz,. Henry C. Blatz, Bertha V. L. Blatz, Marguerite S. I. Blatz, Ludwig M. Blatz and Gertrude E. E. Blatz, infants, by Emma W. L. Blatz, their guardian *ad litem*, taken upon a trial at the Westchester Circuit before the court and a jury, the exceptions of the plaintiffs having been directed to be heard in the first instance at General Term. The complaint was dismissed.

*Charles H. Noxon*, for the plaintiffs.

*L. L. Van Allen*, for the defendant.

BARNARD, P. J. :

The complaint was properly dismissed. The father of the plaintiff committed suicide on the 3d of March, 1885. He went home intoxicated about eleven P. M. and was found dead next morning. He was proven to have passed a portion of the evening of March 3, 1885, at defendant's saloon, and that he drank while there two glasses of a mild kind of lager beer. He was perfectly sober while there and perfectly sober when he left the defendant's premises at about ten P. M. There was proof given that this mild form of lager beer called " Spenk beer " will not intoxicate. Upon this evidence the jury could not give a verdict that the intoxication which induced the suicide was occasioned in whole or in part by the defendant.

The judgment should, therefore, be affirmed, with costs.

PRATT, J. :

This is an action brought under the civil damage law (chap. 646, Laws of 1873) to recover damages suffered by plaintiff for loss of his father, who committed suicide while intoxicated.

It is a sufficient answer to this appeal that there was no proof sufficient to be submitted to the jury that the defendant sold the deceased any intoxicating liquor. (*Blatz* v. *Rohrbach*, 116 N. Y., 450.)

It seems to be conceded by both sides that, if the plaintiff had proved that defendant sold any intoxicating liquor to the deceased, it would have been a proper question to submit to the jury whether the suicide was caused by the liquor or intoxication.

We cannot concur in the view that such proof, standing alone, is sufficient to warrant a submission of that question to the jury. Undoubtedly, death might be inferred from intoxication where a party has died with no intervening apparent cause — like one who has drank himself to a stupor and died; or where, from accident, like falling overboard, or under the cars, or exposure to cold when drunk, or in any other manner where it is clear the intoxication has some logical relation to the cause of death.

But, where a party deliberately commits suicide, how can it be said or inferred that it was the result of intoxication? Indeed, without some evidence that the deceased, when drunk, had exhibited some tendency to melancholia or mental depression, why should a jury be permitted to speculate and infer that intoxication caused the idea which, carried into execution, resulted in suicide. If we are to reason from our experience, is it not true that liquor has an exhilarating rather than depressing effect upon a person.

In this case it cannot be urged that because the father committed suicide when under the influence of liquor, that intoxication may be assumed to be the cause, for the reason that he had often been drunk before, and no such attempt had ever been made or indicated. In no view can it be said, in this particular case, that intoxication had any influence in causing death.

There was an utter failure of proof upon that subject, and there was nothing either in the peculiar history of the deceased, or from a standpoint of science or human experience, to indicate that liquor had any influence in inducing the death.

If statistics of suicides could be considered pertinent, I think it will be found that 5,000 suicides occur where the person is sober to one where the party is intoxicated.

If it was an issue of an assault made by the deceased upon another person, it might well be assumed it was induced by intoxication because human experience shows that liquor makes some people ugly and quarrelsome, but there is no experience that indicates that intoxication tends to suicide, but rather to the contrary.

So far as the proof in this case indicated, it was utterly impossible for any one to point out any reasonable cause for the suicide, or any logical connection of intoxication with it. We think, in such case, it is not competent to permit a jury to speculate upon the matter and render a verdict for which there is no just foundation in science, experience or reason.

If it was the first time the party had ever been intoxicated, or if the previous history of the man had shown that liquor had a depressing effect upon him, or that surrounding facts and circumstances pointed to intoxication as the cause, it might present a different question; but to say that the bare fact that a drinking man had become intoxicated was the inducing cause of a deliberate intention to commit suicide has no foundation in law or reason.

A verdict to be valid must be a logical inference from the facts adduced upon the trial.

Judgment affirmed.

Exceptions overruled and judgment for defendant, with costs.